IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBBIE O. ROBINSON,

          Plaintiff,

    v.

WHOLE FOODS MARKET, INC.
and EEOC FIELD OFFICE PERSONNEL,

          Defendants.

Case No. 3:26-cv-00545-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Plaintiff Robbie O. Robinson, proceeding *in forma pauperis*, brings this suit against

Defendants Whole Foods Market, Inc. and Equal Employment Opportunity Commission

("EEOC") Field Office Personnel. Am. Compl., ECF No. 12. For the reasons below, the Court

construes Plaintiff's filing at ECF No. 12 as an amended complaint, finds Plaintiff fails to state a

claim against either Defendant, and dismisses the Amended Complaint with leave to amend.

1 – OPINION & ORDER

**BACKGROUND**

Plaintiff commenced this case by filing an application for leave to proceed in forma pauperis, IFP App., ECF No. 1, and a Complaint alleging employment claims against Defendant Whole Foods Market, Compl., ECF No. 2. Specifically, Plaintiff brought claims against Defendant Whole Foods Market under Title VII, 42 U.S.C. § 2000e, and the Equal Pay Act, 29 U.S.C. § 206(d). Compl. 3. Plaintiff alleged Defendant Whole Foods Market "paid Plaintiff less than others performing similar work" and that after "Plaintiff raised concerns . . . Defendant responded with adverse actions [such as] Racial disparity, Compensation discrimination, [and] hostile work environment . . . ." *Id.* at 4.

The Court granted Plaintiff leave to proceed in forma pauperis. IFP Order, ECF No. 6. In so doing, the Court screened Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and found the Complaint stated a claim on which relief may be granted against Defendant Whole Foods Market. *Id.*

The Court's IFP Order was issued with respect to Plaintiff's initial Complaint. In the Court's IFP Order, the Court informed Plaintiff that Plaintiff must "[p]repare an original summons for each defendant and submit it to the Clerk of Court for issuance[.]" IFP Order. The IFP Order also informed Plaintiff of two ways to complete service: (1) complete U.S. Marshals Service Form 285 (USM 285) and submit it to the Clerk of Court, or (2) "choose to complete service pursuant to Fed. R. Civ. P. 4 without the aid of the U.S. Marshals Service." IFP Order. Plaintiff has not submitted summons nor completed service.

Rather than completing service for his initial complaint, Plaintiff filed an Amended Complaint. In the Amended Complaint, Plaintiff names Whole Foods Market and "EEOC Field Office Personnel" as Defendants. Am. Compl. Plaintiff alleges against EEOC Field Office

2 – OPINION & ORDER

Personnel that "Plaintiff submitted a [Freedom of Information Act ("FOIA")] request[,]" "the EEOC issued a determination administratively closing the request as a 'duplicate request'[,]" the EEOC "[f]ailed to produce responsive records[,]" and the EEOC "[r]edirected the request to a separate FOIA number without resolution." Am. Compl. 1–2. Plaintiff brings against Defendant EEOC Field Office Personnel four counts alleging violations of: (1) FOIA, 5 U.S.C. § 552(a); (2) the Administrative Procedure Act, 5 U.S.C. § 706; (3) Fifth Amendment due process; and (4) "equal protection/civil rights[.]" Am. Compl. 2–3. Plaintiff alleges neither any facts nor any claims against Defendant Whole Foods Market in the Amended Complaint.

## STANDARDS

### I.      Rule 15

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. Subsection (a) governs amended pleadings while subsection (d) governs supplemental pleadings. Rule 15(a) states, in relevant part:

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Rule 15(d) states:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

3 – OPINION & ORDER

II.    **28 U.S.C. § 1915(e)(2)(B)(ii)**

The Court may dismiss a complaint filed *in forma pauperis* if the court determines that the action "fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). The court may dismiss under this provision "at any time . . . ." *Id.* § 1915(e)(2). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007).

Courts, however, must construe *pro se* filings liberally. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam) (citation omitted).

**DISCUSSION**

The Court first addresses the form of Plaintiff's filing at ECF No. 12 and construes the filing as an amended complaint. The Court then evaluates whether the Amended Complaint states a claim on which relief may be granted. Finding Plaintiff does not state a claim, the Court dismisses the Amended Complaint with leave to amend.

I.    **Rule 15**

Plaintiff styled his filing at ECF No. 12 as "Amended Complaint – Supplemental Claims" in the header. The Court first addresses whether Plaintiff's filing is an amended complaint under Rule 15(a)(1) or a supplemental pleading under Rule 15(d). The Court construes Plaintiff's filing at ECF No. 12 as an amended complaint pursuant to Rule 15(a)(1). The language of Rule

4 – OPINION & ORDER

15(d)—"[o]n motion and reasonable notice, the court may . . . permit"—makes clear that a supplemental pleading may only be filed with leave of the court. Plaintiff did not seek leave. Thus, the Court necessarily construes Plaintiff's filing as an amended complaint and notes this filing constitutes Plaintiff's one opportunity in this case to amend without the Court's leave. *See* Fed. R. Civ. P. 15(a)(1). An amended complaint supersedes, or replaces, the prior complaint and becomes the controlling complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Plaintiff's Amended Complaint is now the controlling complaint.

## II.    28 U.S.C. § 1915(e)(2)(B)(ii)

The Court screens Plaintiff's Amended Complaint under § 1915(e)(2). The Court finds that Plaintiff fails to state a claim on his FOIA count or related counts against the EEOC due to failure to exhaust administrative remedies. The Court further finds that Plaintiff does not allege any facts or claims against Defendant Whole Foods Market and thus cannot state a claim against Defendant Whole Foods Market. The Court grants Plaintiff leave to amend.

"Where a citizen has made a request for information under FOIA, and the agency has refused in whole or in part to produce responsive materials, the act authorizes the citizen to bring suit in federal court challenging the agency's refusal to disclose documents to the requester." *Nat. Res. Def. Council v. United States Dep't of Def.*, 388 F. Supp. 2d 1086, 1094 (C.D. Cal. 2005); 5 U.S.C. § 552(a)(4)(B). However, "[e]xhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review." *In re Steele*, 799 F.2d 461, 466 (9th Cir. 1986); *see also Elec. Priv. Info. Ctr. v. Internal Revenue Serv.*, 910 F.3d 1232, 1238 (D.C. Cir. 2018) ("The doctrine of administrative exhaustion applies to FOIA and limits the availability of judicial review."). Indeed, the statute provides that "in the case of an adverse determination[,]" the agency "shall immediately notify the person making such request of . . . the

right of such person to appeal to the head of the agency, within a period . . . not less than 90 days after the date of such adverse determination . . . ." 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa).

Here, Plaintiff pleads that Defendant EEOC "close[d] [Plaintiff's] request as a 'duplicate request'" and "[r]edirected the request to a separate FOIA number without resolution." Compl. 1–2. However, Plaintiff fails to plead whether Plaintiff either appealed that redirection determination or prosecuted to exhaustion the separate FOIA request/number. Plaintiff thus fails to state a claim with respect to exhaustion. *See, e.g.*, *Davis v. Astrue*, 513 F. Supp. 2d 1137, 1148 (N.D. Cal. 2007) (rejecting FOIA claim where plaintiff failed to exhaust administrative remedies). Because Plaintiff's Administrative Procedure Act, due process, and equal protection/civil rights claims are derivative of the FOIA claim, the Court likewise finds Plaintiff must exhaust FOIA remedies to state a claim with respect to counts Two, Three, and Four.

While the exhaustion issue alone is sufficient grounds for dismissal, in light of Plaintiff's pro se status, the Court notes that a FOIA claim may be brought only against entities qualifying as an "agency." 5 U.S.C. § 552(a)(2). The statute defines "agency" as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." *Id.* at § 552(f)(1) (citing *id.* § 551(1)); *see also Drake v. Obama*, 664 F.3d 774, 785 (9th Cir. 2011) (holding FOIA applies to agencies, not individuals). Plaintiff brought this claim against "personnel" rather than the EEOC as an agency. Am. Compl. Plaintiff is granted leave to amend to name an agency as defendant.

## III.    Subsequent Filings and Motions

The Court advises Plaintiff that filings made after the Amended Complaint do not bear on the Court's review of the Amended Complaint. "The standard for determining whether a plaintiff

has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). In turn, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) . . . ." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Thus, Plaintiff's subsequent motions are denied as moot upon dismissal of the Amended Complaint. If Plaintiff seeks to include exhibits in his second amended complaint, the Court advises Plaintiff of Federal Rule of Civil Procedure 10(c), which states in relevant part: "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

## CONCLUSION

The Court DISMISSES Plaintiff's Amended Complaint [12] against Defendant Whole Foods Market, Inc. and Defendant EEOC Field Office Personnel for failure to state a claim. The Court grants Plaintiff leave to amend. All pending motions are DENIED as moot. If Plaintiff chooses to file a second amended complaint, Plaintiff must do so within thirty (30) days of this Opinion & Order and must address the issues identified herein. Plaintiff may not proceed with summons or service for any Defendant until filing a second amended complaint and receiving further instructions from the Court.

IT IS SO ORDERED.

DATED this __9th__ day of June, 2026.

AMY M. BAGGIO
United States District Judge

7 – OPINION & ORDER